■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERMIN CUMBERBACTHS, Appellant. [674 NYS2d 7] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered October 24, 1995, convicting defendant, after a jury trial, of resisting arrest, and sentencing him to time served, and judgment, same court (Herbert Altman, J.), rendered December 21, 1995, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 4 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The radio transmission of an assault in progress and the indications from a woman in that building directing them to the screams of another woman, which the officers themselves heard just prior to defendant's appearance in the building's doorway, together with defendant's actions of immediately stopping upon seeing the officers, widening his eyes, dropping his mouth and then running back inside the building, provided reasonable suspicion to pursue defendant (*see, People v Martinez*, 80 NY2d 444, 448; *People v Blackwell*, 206 AD2d 300, *appeal dismissed* 85 NY2d 851). Defendant's abandonment of a clear plastic bag of cocaine was thus not precipitated by any unlawful police conduct.

Defendant's challenge to his resisting arrest conviction is without merit. Concur—Rosenberger, J. P., Wallach, Tom and Saxe, JJ.

■ In the Matter of PLAZA REALTY INVESTORS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [671 NYS2d 973] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered July 18, 1997, which, to the extent appealed from, denied the petition pursuant to CPLR article 78 insofar as it sought a recalculation of rent by reason of a claimed vacancy allowance and by reason of an allegedly under-calculated permissible rent increase, unanimously affirmed, without costs.

Respondent's denial of a vacancy rent increase for the subject rent stabilized apartment was not arbitrary and capricious where petitioner landlord concededly chose to forgo its formal remedies and resolve the matter of an unauthorized roommate without the execution of a new lease. Further, since the remaining rent calculation issue was not presented at the administrative level, its consideration was properly declined by the article 78 court (*see, Matter of Mott v New York State Div. of Hous. & Community Renewal*, 191 AD2d 566). Concur— Rosenberger, J. P., Wallach, Tom and Saxe, JJ.