■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BIRMINGHAM, Appellant. [690 NYS2d 792] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of robbery in the first degree (Penal Law § 160.15 [4]), two counts of robbery in the second degree (Penal Law § 160.10 [1]) and one count of criminal use of a firearm in the first degree (Penal Law § 265.09 [1] [b]). There is no merit to his contention that the People failed to present legally sufficient evidence regarding identity. Although the victims could not observe defendant s face, they had seen defendant in the neighborhood, and they were able to identify him by the distinctive clothing he wore during previous visits to the bar that day and at the time of the robbery (*see, People v Welcome*, 181 AD2d 628, *lv denied* 79 NY2d 1055; *Matter of Ryan W.*, 143 AD2d 435, 436-437, *lv denied* 73 NY2d 709). We further conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Supreme Court did not err in refusing to suppress evidence

that each victim identified defendant some 10 minutes after the robbery about two blocks from the bar. Each victim observed defendant standing on the porch of a residence from a passing police car, and there is no evidence to support defendant's contention that the identification procedure was unduly suggestive (*see, People v Duuvon*, 77 NY2d 541; *People v Tarangelo*, 258 AD2d 305).

By failing to object, defendant failed to preserve for our review his contention that the court erred in allowing testimony of a police officer that bolstered the victims identification testimony (*see,* CPL 470.05 [2]; *People v Farrell*, 228 AD2d 693, *lv denied* 88 NY2d 984; *People v Marks*, 182 AD2d 1122). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

There is no merit to the contention that the court erred in denying defendant s specific requests concerning jury instructions on identification testimony. The court adequately instructed the jury to exercise care in assessing the ability of the witnesses to make an identification and set forth the factors it should consider in making that assessment. Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.