■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL ECHAVARRIA PEREZ, Also Known as MARCIAL ALBERTI, Appellant. [785 NYS2d 218]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 30, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]), defendant contends that the verdict is against the weight of the evidence. We reject that contention (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). During an altercation, the victim punched defendant in the face and broke his car window, at which time defendant drove his car around the block. Defendant thereafter observed the victim in the street, and it is undisputed that defendant struck the victim with the car. Indeed, defendant admitted in his statement to the police that he saw the victim standing in the road and struck him with the car because he believed that the victim was going to punch him again.

Depraved indifference murder is a nonintentional homicide, and defendant's conduct must be shown to be "imminently dangerous and present[ ] a grave risk of death" (*People v Roe*, 74 NY2d 20, 24 [1989]) or it must be shown that defendant is indifferent to the risk of death (*see People v Gonzalez*, 1 NY3d 464, 467 [2004]). The "crux of [depraved indifference] . . . murder is recklessness exaggerated by indifference to the circumstances objectively demonstrating the enormity of the risk of death from the defendant's conduct" (*People v Sanchez*, 98 NY2d 373, 380 [2002]). Whether the act qualifies as depraved indifference is based not on the subjective intent of the actor but, rather, on " 'an objective assessment of the degree of risk presented by defendant's reckless conduct' " (*Roe*, 74 NY2d at 24). "Generally, the assessment of the objective circumstances evincing the actor's 'depraved indifference to human life' . . . is a qualitative judgment to be made by the trier of the facts" (*id.* at 25). Contrary to defendant's contention, the jury had an adequate basis "to discern depravity of mind from the circum-

stances under which [the car was] used" (*People v Gomez,* 65 NY2d 9, 12 [1985]).

Contrary to defendant's further contention, the photographic array was not unduly suggestive, i.e., it cannot be said that "some characteristic of one picture dr[ew] the viewer's attention in such a way as to indicate that the police ha[d] made a particular selection" (*People v Brown,* 169 AD2d 934, 935 [1991], *lv denied* 77 NY2d 958 [1991]). In any event, however, Supreme Court properly determined in the alternative that the identification was merely confirmatory, inasmuch as one of the witnesses who identified defendant had a prior acquaintance with him (*see generally People v Rodriguez,* 79 NY2d 445, 450 [1992]; *People v Collins,* 60 NY2d 214, 219 [1983]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.