THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONELL S. AGEE, Appellant. [871 NYS2d 520]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [3] [depraved indifference]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to renew his motion for a trial order of dismissal and has thus failed to preserve that contention for our review (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Defendant has further failed to preserve for our review his contention

that the indictment must be dismissed because the evidence before the grand jury was legally insufficient to establish the crime of depraved indifference assault (*see generally People v Bryan*, 50 AD3d 1049, 1050 [2008], *lv denied* 11 NY3d 786 [2008]; *People v Stone*, 225 AD2d 1067, 1068 [1996], *lv denied* 88 NY2d 886 [1996]). Defendant's omnibus motion sought inspection of the grand jury minutes and dismissal of the indictment only on the general ground that the evidence before the grand jury was legally insufficient, and defendant failed to set forth the specific grounds for dismissal now set forth on appeal, i.e., that the evidence was insufficient to establish either the element of recklessness or the element of depraved indifference (*see People v Brown*, 81 NY2d 798 [1993]).

We reject the further contention of defendant that he was denied the right to effective assistance of counsel based on the failure of defense counsel both to renew the motion for a trial order of dismissal and to challenge the legal sufficiency of the grand jury evidence on the specific grounds now raised on appeal. Rather, viewing defense counsel's representation as a whole, we conclude that defendant received effective assistance of counsel (*see People v Stultz*, 2 NY3d 277 [2004], *rearg denied* 3 NY3d 702 [2004]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, we conclude that Supreme Court did not err in allowing the People to present testimony concerning defendant's prior bad acts. The record establishes that the court properly balanced the probative value of the testimony with respect to defendant's motive and intent against its potential for prejudice (*see People v Spotford*, 85 NY2d 593, 597 [1995]; *People v Ventimiglia*, 52 NY2d 350, 362 [1981]), and the record further establishes that the court properly admitted the evidence "as relevant background material" (*People v Bedi*, 299 AD2d 556, 556 [2002], *lv denied* 99 NY2d 612 [2003]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.