THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON L. WRIGHT, Appellant. [882 NYS2d 605]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 11, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is

unanimously modified on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on count two of the indictment and by vacating the sentence imposed on count four of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for sentencing on the conviction of manslaughter in the second degree and for resentencing on the conviction of robbery in the first degree.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) and robbery in the first degree (§ 160.15 [1]). We agree with defendant that the evidence is legally insufficient to support the conviction of depraved indifference murder. We note at the outset that defendant preserved his contention for our review inasmuch as his motion for a trial order of dismissal "specifie[d] the alleged infirmity" (*People v Hawkins*, 11 NY3d 484, 492 [2008]) by alerting Supreme Court that the acts against the victim were intentional and manifested an intent to kill or to cause serious physical injury and that the jury therefore should not be charged on the count of depraved indifference murder (*see generally People v Jean-Baptiste*, 11 NY3d 539, 542 [2008]; *People v Feingold*, 7 NY3d 288, 294 [2006]). Furthermore, in denying the motion, the court was "plainly . . . aware of, and expressly decided, the question raised on appeal" (*Hawkins*, 11 NY3d at 493).

We conclude that the evidence at trial established that the victim was beaten by defendant and two other individuals over a period of approximately 20 to 30 minutes and that he died as a result of blunt force trauma. We agree with defendant that, although the acts against the victim manifested an intent to harm him, the beating of the victim by defendant did not rise to the level of "wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of [his] inexcusable acts" (*People v Suarez*, 6 NY3d 202, 213 [2005]; *cf. People v Poplis*, 30 NY2d 85, 87-88 [1972]; *People v Nunez*, 51 AD3d 1398, 1399 [2008], *lv denied* 11 NY3d 792 [2008]). Although the victim was left in a vacant lot by defendant and others, the abandonment of the victim does not by itself constitute depraved indifference murder inasmuch as " 'the core statutory requirement of depraved indifference is [not] established' " (*People v Mancini*, 7 NY3d 767, 768 [2006]; *see also People v Mills*, 1 NY3d 269, 275-276 [2003]).

We nevertheless conclude that the evidence is legally sufficient to support the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]; *see Jean-Baptiste*, 11 NY3d at 544; *People v George*, 11 NY3d 848, 850 [2008]; *People v Atkinson*, 7 NY3d 765, 766-767 [2006]). The evidence presented at trial establishes that defendant intended to cause the victim serious physical injury, and that his conduct created a substantial and unjustifiable risk that the victim would not merely sustain serious physical injury, but would die (*see People v Atkinson*, 21 AD3d 145, 151 [2005], *mod* 7 NY3d 765 [2006]; *see generally People v Trappier*, 87 NY2d 55, 59 [1995]). We therefore modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree and vacating the sentence imposed on count two of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on the conviction of manslaughter in the second degree (*see* CPL 470.20 [4]).

Defendant further contends that the robbery count is duplicitous because he was charged with forcibly stealing "property, to wit, a BB gun and/or a pair of sneakers," which according to defendant were discrete thefts that occurred at different times and in different places. We reject that contention. The taking of those items occurred during the same criminal transaction (*cf. People v Bauman*, 51 AD3d 316, 319 [2008], *affd* 12 NY3d 152 [2009]), and the nature of the property is not a material element of robbery (*see generally People v Cash J.Y.*, 60 AD3d 1487, 1489 [2009]). We reject defendant's further contention that the robbery conviction is not supported by legally sufficient evidence. We agree with defendant that the evidence at trial does not support a finding that he intended permanently to deprive the victim of the BB gun that he removed from the victim's waistband and dropped to the ground. We nevertheless conclude, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), that there is a valid line of reasoning and permissible inferences to support a finding that defendant forcibly stole the victim's sneakers (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime of robbery in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict with respect to that crime is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the contention of defendant that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of the case as a whole and as of the time of

the representation, we conclude that defendant was afforded meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]). We note, however, that there is a discrepancy between the sentencing minutes, wherein the court erred in imposing an indeterminate term of imprisonment on the robbery count (*see* Penal Law § 70.04 [2]), and the certificate of conviction, which appears to correct the error by imposing a determinate term of imprisonment on that count. Inasmuch as the record does not reflect whether defendant was resentenced, we further modify the judgment by vacating the sentence imposed on count four of the indictment, and we direct Supreme Court upon remittal to resentence defendant on the conviction of robbery in the first degree.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.