■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY E. BECOATS, Appellant. [897 NYS2d 820]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 11, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the conviction of

murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on count two of the indictment and by vacating the sentence imposed on count four of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for sentencing on the conviction of manslaughter in the second degree and for resentencing on the conviction of robbery in the first degree.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) and robbery in the first degree (§ 160.15 [1]). For the same reasons as those set forth in our decision in *People v Wright* (63 AD3d 1700 [2009]), the appeal by defendant's codefendant, we conclude that defendant's contention that the evidence is legally insufficient to support the conviction of murder in the second degree is preserved for our review and that it has merit (*id.* at 1701-1702). We therefore modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree (Penal Law § 125.15 [1]) and vacating the sentence imposed on count two of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on the conviction of manslaughter in the second degree (*see* CPL 470.20 [4]).

Defendant failed to preserve for our review his contention that the evidence presented to the grand jury was legally insufficient on the element of depraved indifference and that the prosecutor erred in charging the grand jury with respect to that element (*cf.* CPL 210.30 [6]), inasmuch as he failed to set forth those specific grounds in his general motion to dismiss the indictment (*see People v Agee*, 57 AD3d 1486, 1486-1487 [2008], *lv denied* 12 NY3d 813 [2009]). Defendant also failed to preserve for our review his contention that the robbery count is duplicitous because he was charged with stealing "a BB gun and/or a pair of sneakers" and, in any event, we conclude that defendant's contention is without merit for the same reasons as those set forth in our decision in *Wright* (63 AD3d at 1702). Furthermore, as in *Wright*, the record does not reflect whether Supreme Court resentenced defendant on the robbery count after properly determining that a determinate sentence must be imposed rather than the indeterminate sentence originally imposed by the court. We therefore further modify the judgment by vacating the sentence imposed on count four of the indictment, and we direct Supreme Court upon remittal to resentence defendant on the conviction of robbery in the first degree.

We reject the contention of defendant that the court abused its discretion in refusing to grant him an adjournment to secure the attendance of a defense witness who was in federal custody, inasmuch as he failed to establish that the witness would be available to testify at a later date (*see People v Jackson*, 41 AD3d 498, 498-499 [2007], *lv denied* 9 NY3d 876 [2007]; *see generally People v Foy*, 32 NY2d 473, 476-477 [1973]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.