■ The People of the State of New York, Respondent, v Daquan Mathis, Appellant. [941 NYS2d 146]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.H.O., and Richard Carruthers, J., at hearing; Analisa Torres, J., at jury trial and sentencing), rendered May 4, 2010, as amended June 24 and July 21, 2010, convicting defendant of robbery in the first and second degrees and attempted robbery in the first and second degrees, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. Under the unusual circumstances of the case, the display of a single photograph was not unduly suggestive. This procedure took advantage of an unexpected opportunity to obtain an identification while the attempted robbery victim's memory of the crime was still fresh. The police had only a cell phone photo of a person they suspected to be the then-unnamed and unapprehended perpetrator, and insufficient information to obtain a police photo. Accordingly, it would have been impracticable to construct a fair photo array. These factors created a unique exigency justifying this procedure.

In any event, the passage of time between the single-photo identification and the victim's identification of defendant at a lineup was sufficient to attenuate any possible taint (*see People v Leibert*, 71 AD3d 513, 514 [2010], *lv denied* 15 NY3d 752 [2010]). Finally, there was overwhelming evidence of defendant's guilt, even without identification testimony. Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.