# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

750

KA 09-00282

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BENNY L. WALKER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 8, 2008. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of sexual abuse in the second degree (Penal Law § 130.60 [2]). Defendant contends that Supreme Court committed reversible error when, at the start of the second day of jury selection, it questioned and then discharged a sworn juror in the absence of defendant and defense counsel. Although defendant did not object to the procedure employed by the court, we agree with defendant that preservation of his contention is not required where, as here, the court committed a mode of proceedings error (*see generally People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197). The court's in camera questioning and discharge of the sworn juror deprived defendant of, inter alia, his "constitutional right to counsel at trial" (*People v Johnson*, 189 AD2d 318, 320; *see People v McLean*, 15 NY3d 117, 120-121; *People v Ahmed*, 66 NY2d 307, 310, *rearg denied* 67 NY2d 647; *People v Kinchen*, 60 NY2d 772, 773). Nevertheless, "[w]aiver and preservation are separate concepts" (*Ahmed*, 66 NY2d at 311; *see People v Webb*, 78 NY2d 335, 339-340; *People v Moore*, 233 AD2d 670, 671-672, *lv denied* 89 NY2d 987), and we agree with the People that, by consenting to the procedure employed by the court, defendant waived his right to appellate review of the court's allegedly improper discharge of the sworn juror (*see People v Barner*, 30 AD3d 1091, 1092, *lv denied* 7 NY3d 809; *cf. People v Noguel*, 93 AD3d 1319, 1320; *see also People v Davis*, 83 AD3d 860, 861; *People v Pennisi*, 217 AD2d 562, 563, *lv denied* 86 NY2d 800; *see generally*

*People v Colon*, 90 NY2d 824, 825-826).

Defendant's further contention that the court erred in permitting a police impact investigator to use the word "victim" during his testimony concerning his interview of the complainant lacks merit. He did not testify to the contents of his interview with the complainant, nor did he give an opinion relating to the complainant's credibility or defendant's guilt, and thus he did not thereby bolster the complainant's testimony (*see generally People v Buie*, 86 NY2d 501, 509-510), or otherwise usurp the jury's role as factfinder (*see generally People v Hartzog*, 15 AD3d 866, 867, *lv denied* 4 NY3d 831). In any event, the court instructed the jury both during the investigator's testimony and its charge that the jurors were the ultimate finders of fact and resolvers of credibility, and the jury is presumed to have followed the court's instructions (*see generally People v Moore*, 71 NY2d 684, 688; *People v Thagard*, 28 AD3d 1097, 1098, *lv denied* 7 NY3d 795). Even assuming, arguendo, that the court erred in admitting the investigator's testimony, however, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  June 8, 2012                         Frances E. Cafarell
                                               Clerk of the Court