# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

616

KA 08-02220

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

SHERROD CARTER, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 26, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [1]), defendant contends that the evidence is legally insufficient to establish that any robbery occurred and thus legally insufficient to establish that the victim died "in the course of and in furtherance of" a robbery (§ 125.25 [3]). Defendant's contention, however, "is not preserved for our review because defendant failed to renew his motion for a trial order of dismissal after presenting proof" (*People v Youngs*, 101 AD3d 1589, 1590, *lv denied* 20 NY3d 1105; *see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, defendant's contention lacks merit. As the Court of Appeals wrote in deciding the appeals of defendant's two accomplices, "[w]hen three men beat a fourth man unconscious in a field, and emerge from the field as a group with one of them carrying a pair of sneakers, the inference that the sneakers came from the beating victim is a strong one" (*People v Becoats*, 17 NY3d 643, 654, *cert denied* ___ US ___, 132 S Ct 1970). We likewise reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to renew the motion for a trial order of dismissal (*see People v Pytlak*, 99 AD3d 1242, 1243, *lv denied* 20 NY3d 988; *People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968; *see generally People v Caban*, 5 NY3d 143, 152).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we

conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although defense counsel impeached portions of the testimony of the eyewitness, defendant's statement to the police corroborated most of her testimony. The only portion of the eyewitness's testimony not corroborated by defendant's statement concerned the conduct of defendant after the victim got up and tried to run away. According to the eyewitness, defendant continued to aid his accomplices in their assault of the victim. A defense witness testified, however, that defendant left the scene at that time, while defendant in his statement to the police stated that he was too drunk to recall what he did after the victim tried to run away. Thus, it was for the jury to determine whether to credit the testimony of the defense witness or the eyewitness on that issue. Inasmuch as the testimony of the eyewitness " 'was not so inconsistent or unbelievable as to render it incredible as a matter of law[,]' . . . [we] see no reason to disturb the jury's resolution of credibility issues" (*People v Adams*, 59 AD3d 928, 929, *lv denied* 12 NY3d 813; *see People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925; *People v Coffin*, 38 AD3d 1316, 1316-1317, *lv denied* 9 NY3d 841).

In view of our conclusion that the evidence presented at trial is legally sufficient to support the conviction, defendant's "contention that the evidence presented to the grand jury was legally insufficient is not reviewable on appeal" (*People v Brown*, 96 AD3d 1561, 1562, *lv denied* 19 NY3d 1024; *see People v Snyder*, 100 AD3d 1367, 1368; *see generally* CPL 210.30 [6]). We further conclude that Supreme Court did not abuse its discretion in admitting the victim's autopsy photographs in evidence (*see generally People v Stevens*, 76 NY2d 833, 835). Defendant was initially charged with intentional murder (Penal Law § 125.25 [1]), and those photographs were relevant to establish the severity of the assault and defendant's intent in committing the crimes charged (*see People v Hernandez*, 79 AD3d 1683, 1684, *lv denied* 16 NY3d 895; *People v Jones*, 43 AD3d 1296, 1297-1298, *lv denied* 9 NY3d 991, *reconsideration denied* 10 NY3d 812).

Defendant further contends that the court erred in determining that the eyewitness's identification of defendant from a single photograph was a confirmatory identification. We reject that contention. The evidence at the suppression hearing established that the eyewitness was familiar with defendant from the neighborhood, knew the nicknames of all the alleged perpetrators, had interacted with defendant on the day of the incident and had an opportunity to view him during most of the criminal transaction (*see e.g. People v Whitlock*, 95 AD3d 909, 909-911, *lv denied* 19 NY3d 978; *People v Corbin*, 90 AD3d 478, 478-479, *lv denied* 19 NY3d 972; *People v Perez*, 12 AD3d 1028, 1030, *lv denied* 4 NY3d 801; *cf. People v Coleman*, 73 AD3d 1200, 1202-1203).

To the extent that defendant contends that the count of the indictment charging him with robbery is facially duplicitous, that contention is not preserved for our review (*see Becoats*, 17 NY3d at 650). In any event, that contention lacks merit (*see Becoats*, 71 AD3d

1578, 1579, *affd* 17 NY3d 643; *People v Wright*, 63 AD3d 1700, 1702, *revd on other grounds* 17 NY3d 643), and we thus conclude that defendant was not denied effective assistance of counsel based on defense counsel's failure to preserve that contention for our review (*see Caban*, 5 NY3d at 152; *People v Harris*, 97 AD3d 1111, 1111-1112, *lv denied* 19 NY3d 1026).  Finally, although defendant's contention that the robbery count was rendered duplicitous by the trial testimony does not require preservation (*see People v Bradford*, 61 AD3d 1419, 1420-1421, *affd* 15 NY3d 329; *People v Snyder*, 100 AD3d 1367, 1367), we reject that contention (*see Becoats*, 71 AD3d at 1579, *affd* 17 NY3d 643; *Wright*, 63 AD3d at 1702, *revd on other grounds* 17 NY3d 643).

Entered:  June 14, 2013                     Frances E. Cafarell
                                            Clerk of the Court