# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

388

KA 13-00671

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

COREY E. BECOATS, ALSO KNOWN AS JOKER,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF
COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of
the Supreme Court in the Fourth Judicial Department, from an order of
the Supreme Court, Monroe County (Francis A. Affronti, J.), dated
March 20, 2013. The order denied the motion of defendant pursuant to
CPL 440.10.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law, and the matter is remitted to Supreme
Court, Monroe County, for further proceedings in accordance with the
following Memorandum: We granted defendant leave to appeal from an
order denying his motion pursuant to CPL 440.10 (1) seeking to vacate
the judgment convicting him of manslaughter in the second degree
(Penal Law § 125.15 [1]) and robbery in the first degree (§ 160.15
[1]) (*People v Becoats*, 71 AD3d 1578, *affd* 17 NY3d 643, *cert denied*
___ US ___, 132 S Ct 1970). Defendant contends that he is entitled to
vacatur of the judgment on the ground that he was denied effective
assistance of counsel (*see* CPL 440.10 [1] [h]), based upon his
attorney's failure to make an adequate attempt to secure the
appearance of a federal prisoner to testify. The People had reported
to defense counsel, as part of their ongoing *Brady* obligation, that
the federal prisoner advised an assistant district attorney that he
had observed the beating of the victim and that defendant was not
present. That purported witness identified three participants, one of
whom was a prosecution witness. Defendant's request for an
adjournment of the trial to attempt to secure the attendance of that
witness was made on the last business day before trial and more than
three weeks after defense counsel was advised of the potential
witness, and was denied (*see Becoats*, 17 NY3d at 652). In support of
his CPL 440.10 motion, defendant provided an affidavit of his trial
counsel, who stated that his request for an adjournment "was not a
ploy or stratagem." Trial counsel averred that he had spoken to the

attorney for the witness and had determined that the testimony would be helpful.  Trial counsel did not recall why he had not initiated proceedings pursuant to CPL 650.30 to arrange for the presence of a federal prisoner at a state court proceeding.

Supreme Court properly determined that defendant established the lack of strategic or other legitimate reason for trial counsel's failure to take steps to secure the presence of the federal prisoner as a witness.  "It is well established that 'the failure to investigate or call exculpatory witnesses may amount to ineffective assistance of counsel' " (*People v Dombrowski*, 87 AD3d 1267, 1268), and we conclude that there is an issue of fact whether the error in failing to do so here "so seriously compromise[d] . . . defendant's right to a fair trial" that he was denied his constitutional right to a fair trial (*People v Hobot*, 84 NY2d 1021, 1022; *see People v Cosby*, 82 AD3d 63, 67, *lv denied* 16 NY3d 857; *cf. People v Ozuna*, 7 NY3d 913, 915).  We therefore reverse the order and remit the matter to Supreme Court for a hearing to determine whether the failure to take adequate steps to secure the testimony of the federal prisoner constituted ineffective assistance of counsel (*see People v Flagg*, 30 AD3d 889, 893, *lv denied* 7 NY3d 848; *see generally Dombrowski*, 87 AD3d at 1268).

Defendant further contends that statements made by his codefendant during his plea colloquy following the reversal of the original judgment convicting him of, inter alia, manslaughter in the second degree (*People v Wright*, 63 AD3d 1700, *revd* 17 NY3d 643) constitutes newly discovered evidence warranting vacatur of defendant's judgment of conviction (*see* CPL 440.10 [1] [g]).  The codefendant stated during his colloquy that he acted alone and that defendant was not present when he was beating the victim.  The court properly determined that the codefendant's colloquy constitutes inadmissible hearsay inasmuch as, contrary to defendant's contention, it is not an admission against the codefendant's penal interest (*see People v Ennis*, 11 NY3d 403, 413, *cert denied* 556 US 1240).  Nevertheless, in light of the information the People provided to trial counsel regarding the purported observations of the federal prisoner, we cannot conclude on the record before us that " 'there is no reasonable possibility' " that the codefendant's statements are true (*People v Crenshaw*, 34 AD3d 1315, 1316, *lv denied* 8 NY3d 879).  We therefore further direct Supreme Court to determine at the hearing on remittal whether the codefendant is available to testify, and if so, to assess his credibility (*see People v Staton*, 224 AD2d 984, 984-985; *cf. People v Jackson*, 238 AD2d 877, 878-879, *lv denied* 90 NY2d 859; *see generally People v McFarland*, 108 AD3d 1121, 1122-1123).

Entered:  May 2, 2014                        Frances E. Cafarell
                                              Clerk of the Court