THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PEREZ, Appellant. [10 NYS3d 9]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J., at suppression hearing; Thomas Farber, J., at jury trial and sentencing), rendered August 6, 2013, as amended August 28, 2013, convicting defendant of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to concurrent terms of eight years, unanimously affirmed.

The court properly denied defendant's motion to suppress lineup identifications by two witnesses. Although the People conceded that one witness had been shown an unduly suggestive photo array, the lineup occurred 20 days later, and the record supports the court's finding of attenuation (*see e.g. People v Allah*, 158 AD2d 605 [2d Dept 1990], *lv denied* 76 NY2d 730 [1990]). The lineup was not unduly suggestive. Defendant and the fillers were all reasonably similar in appearance, and there was no substantial likelihood that defendant would be singled out (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identifica-

tion. Defendant was identified by two witnesses, one of whom was familiar with defendant from prior occasions. In addition, defendant was connected to the crime through a surveillance videotape and circumstantial evidence.

The court properly admitted photographic evidence tending to show defendant's connection with an alleged accomplice. The People established a sufficient foundation for introduction of the photographs. Defendant's remaining arguments concerning the photos are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. To the extent that one of the photos could be viewed as prejudicial, the court provided a sufficient remedy, upon defendant's belated objection, by removing it from evidence and delivering a curative instruction. Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.