■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MONTANEZ, Appellant. [25 NYS3d 18]—

Judgment, Supreme Court, New York County (Patricia Nunez, J., at suppression hearing; Bruce Allen, J., at jury trial and sentencing), rendered December 18, 2012, as amended January 22, 2013, convicting defendant of two counts of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.

The court properly exercised its discretion in permitting a police officer to identify defendant as the person depicted in a surveillance videotape. This testimony "served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant" (*People v Russell*, 79 NY2d 1024, 1025 [1992]), because there was "some basis for concluding that the witness [was] more likely to correctly identify the defendant from the [video] than [was] the jury" (*People v Sanchez*, 95 AD3d 241, 249 [1st Dept 2012], *affd* 21 NY3d 216 [2013]).

Defendant's objection, which was expressly limited to the testimony of the officer, failed to preserve his challenge to testimony by the victim of one of the burglaries about her recognition of defendant in the video, and we decline to review this claim in the interest of justice. As an alternative holding, we similarly find that the court properly exercised its discretion in admitting the testimony. We also conclude, as to both

witnesses, that the court minimized any prejudice by delivering thorough limiting instructions on the role of the jury in deciding whether defendant was the person depicted in the video. In any event, as to both witnesses, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The hearing court properly denied defendant's motion to suppress a lineup identification. Although, after a witness identified defendant from a photo array, an officer should not have told the witness that he had picked out "the perpetrator," any suggestiveness was attenuated by the passage of 19 days between the photo procedure and the lineup (*see People v Perez*, 128 AD3d 465 [1st Dept 2015]).

Defendant's challenge to the prosecutor's summation is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that any improprieties in the summation were harmless in light of the overwhelming evidence of guilt as to both crimes. Concur—Tom, J.P., Sweeny, Richter and Manzanet-Daniels, JJ.