# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1143

KA 14-00803

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ADRIAN BROWN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 24, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [1]). Contrary to defendant's contention, we conclude that County Court properly exercised its discretion at trial in permitting the responding police officers to identify defendant as one of the perpetrators depicted in the surveillance videos of the crime inasmuch as there was some basis for concluding that the officers were more likely to identify defendant correctly from the videos than was the jury (*see People v Montanez*, 135 AD3d 528, 528, *lv denied* 27 NY3d 1072; *People v Magin*, 1 AD3d 1024, 1025; *see generally People v Rivera*, 259 AD2d 316, 316-317). The officers' testimony thus " 'served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant' " (*Montanez*, 135 AD3d at 528). We note that the court properly instructed the jury that the officers merely provided their opinions that defendant was depicted in the videos and that the jurors were the ultimate finders of fact on the issue of the identity of the perpetrators (*see Rivera*, 259 AD2d at 317; *see generally People v Walker*, 96 AD3d 1481, 1482, *lv denied* 20 NY3d 989), and the jury is presumed to have followed the court's instructions (*see Walker*, 96 AD3d at 1482).

We reject defendant's contention that the court erred in denying his request to charge the lesser included offense of attempted robbery in the second degree. Viewing the evidence in the light most

favorable to defendant, we conclude that there is no reasonable view of the evidence to support a finding that he committed the lesser but not the greater offense (*see People v Wells*, 18 AD3d 482, 483, *lv denied* 5 NY3d 811).  Indeed, given the evidence adduced at trial, "the jury would have to resort to 'sheer speculation' to determine that defendant and his codefendants attempted to rob the victim but did not take any property" (*People v McCullough*, 278 AD2d 915, 916-917, *lv denied* 96 NY2d 803).

Contrary to defendant's contention, we conclude that the evidence, including the surveillance videos and the police officers' testimony, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish defendant's identity, and thus to support the conviction of the crime charged (*see People v Birmingham*, 261 AD2d 942, 942, *lv denied* 93 NY2d 1014; *see generally People v Bleakley*, 69 NY2d 490, 495).  Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court