■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMADA DIXSON, Appellant. [47 NYS3d 279]—

Judgment, Supreme Court, Bronx County (James M. Kindler, J.), rendered June 3, 2013, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The court properly denied defendant's motion to suppress the victim's identification of defendant in a six-person lineup. The taint of any prior unduly suggestive identification procedures, conducted more than two months earlier, was dissipated by the passage of time (*see People v Perez*, 128 AD3d 465, 465 [1st Dept 2015]; *People v Mathis*, 94 AD3d 428 [1st Dept 2012], *lv denied* 19 NY3d 975 [2012]). The lineup fillers did not differ so much from defendant's appearance or the victim's description of the perpetrator as to single out defendant unfairly (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *compare People v Perkins*, 28 NY3d 432 [2016] [lineup fillers lacked defendant's very noticeable distinctive hairstyle]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of the victim's testimony that he was certain of the accuracy of his identification of defendant in the lineup but was unable to make an in-court identification almost two years after the incident because his memory had faded. The dangerous instrument element was established by the victim's testimony that defendant placed a large commercial fish hook to his abdomen and threatened to kill him (*see People v Chrisp*, 194 AD2d 465 [1st Dept 1993], *lv denied* 82 NY2d 752 [1993]).

We perceive no basis for reducing the sentence.

We have considered the arguments raised in defendant's pro se supplemental brief and find them unavailing. Concur— Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.