# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

545

KA 15-01934

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN J. DAVIS, II, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Michael F. Pietruszka, J.), dated October 16, 2015. The order denied the motion of defendant to vacate a judgment of conviction.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, and the matter is remitted to Erie County Court for a hearing pursuant to CPL 440.30 (5).

Memorandum: We granted defendant leave to appeal from the order denying his CPL article 440 motion to vacate the judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]). Defendant contends that he is entitled to vacatur of the judgment based on newly discovered evidence (CPL 440.10 [1] [g]) and ineffective assistance of trial counsel (CPL 440.10 [1] [h]). We agree with defendant that County Court erred in denying his motion without conducting a hearing.

CPL 440.10 (1) (g) "permits vacatur of a judgment of conviction on the ground that new evidence has been discovered since the entry of a judgment, which could not have been produced at trial with due diligence 'and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant' " (*People v McFarland*, 108 AD3d 1121, 1121, *lv denied* 24 NY3d 1220, quoting CPL 440.10 [1] [g]; *see generally People v Salemi*, 309 NY 208, 215).

Here, as in *McFarland*, information was received following defendant's conviction that a third party had allegedly confessed to the murder, and there are questions of fact whether the statements of that third party would have been admissible at trial as declarations

against penal interest (*see id.* at 1122; *see generally People v Brensic*, 70 NY2d 9, 15; *People v Settles*, 46 NY2d 154, 167). Moreover, as we wrote in *McFarland*, "where, as here, the declarations exculpate the defendant, they are subject to a more lenient standard, and will be found sufficient if [the supportive evidence] establish[es] a reasonable possibility that the statement might be true . . . That is because [d]epriving a defendant of the opportunity to offer into evidence [at trial] another person's admission to the crime with which he or she has been charged, even though that admission may . . . be offered [only] as a hearsay statement, may deny a defendant his or her fundamental right to present a defense" (*id.* at 1122 [internal quotation marks omitted]).  We thus conclude that the court should have conducted a hearing to determine, first, whether there is "competent evidence independent of the declaration to assure its trustworthiness and reliability" (*Brensic*, 70 NY2d at 15) and, second, whether the witness who heard the third party's declaration is both available to testify and credible in his or her testimony (*see People v Becoats*, 117 AD3d 1465, 1467).

We further conclude that defendant is entitled to a hearing on his claims that defense counsel was ineffective for failing to investigate potentially exculpatory information.  Before trial, a witness informed police that two identified individuals had told the witness that the third party had committed the murder.  "A defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation and preparation of defense witnesses . . . Consequently, the failure to investigate witnesses may amount to ineffective assistance of counsel" (*People v Jenkins*, 84 AD3d 1403, 1408-1409, *lv denied* 19 NY3d 1026; *see People v Mosley*, 56 AD3d 1140, 1140-1141).  Although we agree with the People that the statements of the witness constitute inadmissible hearsay, it is not apparent from the record and the parties' submissions whether defendant's trial counsel investigated that exculpatory evidence and, if not, whether he had strategic or tactical reasons for not doing so.  We thus conclude that the court "erred in denying the motion without first conducting an evidentiary hearing" (*Jenkins*, 84 AD3d at 1409).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court