People v Gambale (2018 NY Slip Op 00640)





People v Gambale


2018 NY Slip Op 00640


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


2 KA 14-00722

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH J. GAMBALE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 6, 2013. The appeal was held by this Court by order entered May 5, 2017, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (150 AD3d 1667). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to rule on the issue whether, as the People contended in opposition to defendant's suppression motion, a parole officer's identification of defendant as the person committing a robbery depicted in a surveillance video was confirmatory (People v Gambale, 150 AD3d 1667 [4th Dept 2017]). We previously concluded that the court erred in ruling that the procedure employed by the police investigator was not unduly suggestive, and we thus remitted the matter to the court to address the alternative ground for denial of the motion raised by the People (id.). We were precluded from reviewing that alternative ground because the court "failed to rule on [that] separate and analytically distinct' issue" (id. at 1670).
Contrary to defendant's contention, the court properly determined upon remittal that the People met their burden of establishing that the parole officer's identification of defendant on the surveillance video was merely confirmatory. Here, the testimony of the investigator established that the parole officer and defendant were known to one another inasmuch as the parole officer had previously supervised defendant for several years (see People v Lewis, 292 AD2d 814, 814 [4th Dept 2002], lv denied 98 NY2d 677 [2002]; see also People v Hines, 132 AD3d 1385, 1387 [4th Dept 2015], lv denied 26 NY3d 1109 [2016]; see generally People v Rodriguez, 79 NY2d 445, 452 [1992]). The evidence adduced at the suppression hearing "was sufficient to establish that defendant and [the parole officer] were long-time acquaintances' . . . , whose prior relationship was not fleeting and distant' . . . or the result of a brief encounter" (People v Graham, 283 AD2d 885, 887-888 [3d Dept 2001], lv denied 96 NY2d 940 [2001]; see People v Collins, 60 NY2d 214, 219 [1983]; People v Perez, 12 AD3d 1028, 1030 [4th Dept 2004], lv denied 4 NY3d 801 [2005]). Thus, although the procedure employed by the investigator was unduly suggestive, the hearing evidence established that, "as a matter of law, the [parole officer was] so familiar with . . . defendant that there [was] little or no risk' that [such] police suggestion could lead to a misidentification" upon the parole officer's observation of the individual depicted on the surveillance video (Rodriguez, 79 NY2d at 450). We therefore conclude that the court properly refused to suppress the parole officer's identification of defendant.
Contrary to defendant's further contention, we conclude that the court properly exercised its discretion at trial in permitting the parole officer to identify defendant as the perpetrator of the armed robbery depicted in the surveillance video inasmuch as there was some basis for [*2]concluding that the parole officer was more likely to identify defendant correctly than was the jury (see People v Brown, 145 AD3d 1549, 1549 [4th Dept 2016], lv denied 29 NY3d 947 [2017]; People v Montanez, 135 AD3d 528, 528 [1st Dept 2016], lv denied 27 NY3d 1072 [2016]). The parole officer's testimony thus " served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant' " (Montanez, 135 AD3d at 528; see Brown, 145 AD3d at 1549). We note that the court properly instructed the jurors that the parole officer's opinion was merely to aid their decision based upon all the facts and circumstances of the case and that they were entitled to accept or reject it (see People v Sanchez, 21 NY3d 216, 225 [2013]; People v Russell, 165 AD2d 327, 336 [2d Dept 1991], affd 79 NY2d 1024 [1992]; Brown, 145 AD3d at 1549).
Finally, we reject defendant's contention that the court abused its discretion in its Sandoval ruling. "While the [September 1986] conviction was [nearly] 30 years old, the court considered the fact that defendant had spent [approximately 17] of those years in prison, and thus it was not error to permit its limited use" (People v Williams, 186 AD2d 469, 469 [1st Dept 1992], lv denied 81 NY2d 849 [1993]; see People v Smalls, 16 AD3d 1154, 1155 [4th Dept 2005], lv denied 5 NY3d 769 [2005]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court