People v Smith (2024 NY Slip Op 00173)

People v Smith

2024 NY Slip Op 00173

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Ind. No. 4352/09, 0036/10 Appeal No. 1429-1429A Case No. 2016-2629 

[*1]The People of the State of New York, Respondent,
v
James Smith, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth Lagerfeld of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Judgments, Supreme Court, New York County (Bruce Allen, J.), rendered July 15, 2015, convicting defendant, after a jury trial, of burglary in the first degree (three counts), burglary in the second degree (four counts), burglary in the third degree (two counts), robbery in the first degree (two counts), and criminal trespass in the second degree (two counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life and order, same court (Ruth Pickholz, J.), entered on or about July 3, 2019, which denied defendant's CPL 440.10 motion to vacate the judgments, unanimously affirmed.
The court properly denied defendant's suppression motion. The police, in response to a radio transmission regarding a suspicious male on a fire escape, observed defendant, who matched the description of the suspect, emerging from a window shortly after hearing a woman scream. Upon seeing the officers, defendant ran up the fire escape to the roof of the building. These circumstances provided reasonable suspicion for the police's pursuit and detention of defendant (see People v Cumberbacths, 250 AD2d 505 [1st Dept 1998], lv denied 92 NY2d 895 [1998]).
Defendant's waiver of his Miranda rights and the statements he made at the precinct were not rendered involuntary by his heroin withdrawal symptoms. Nothing in the record indicated that his symptoms arose "to the degree of mania" or otherwise rendered him unable to understand the nature of his rights or the waiver (People v Adams, 26 NY2d 129, 137 [1970], cert denied 399 US 931 [1970]; see also People v Buckman, 66 AD3d 1400, 1401 [4th Dept 2009], lv denied 13 NY3d 937 [2010]; People v Frejomil, 184 AD2d 524, 524 [2d Dept 1992], lv denied 80 NY2d 903 [1992]). The detectives testified that, throughout the interrogation, defendant appeared "very alert" and did not seem to have any trouble understanding what the detectives were saying. Further, defendant admitted that he was mostly "cogent" and "lucid" during the interrogation. The detectives' testimony that they did not make any promises or threats to defendant, which testimony the court credited, refutes defendant's claim that the detectives promised to take him to the hospital only after he waived his Miranda rights. We find no basis to disturb the court's credibility determinations. Defendant's argument for suppressing his statements based on the delay between the arrest and arraignment is unavailing (see People v Jin Cheng Lin, 26 NY3d 701, 720 [2016]).
The lineup identifications were not the product of an unduly suggestive procedure. The fillers did not differ so much from defendant's appearance or the witnesses' descriptions of the suspect as to single out defendant unfairly (see People v Dixson, 147 AD3d 484, 484 [1st Dept 2017], lv denied 29 NY3d 1078 [2017]).
The court providently exercised its discretion in terminating defendant's right to represent himself after the suppression hearing. The record establishes that defendant's [*2]self-representation resulted in extensive delays, caused in part by his disruptive conduct and in part by his ongoing health problems (see People v McIntyre, 36 NY2d 10, 18 [1974]; People v Williams, 208 AD3d 65, 69 [1st Dept 2022], lv denied 38 NY3d 1191 [2022]).
Defendant's challenges to the People's comments on summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal, because any improprieties in the summation did not rise to the level of reversible error (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
The court properly denied defendant's CPL 440.10 motion. Defendant's ineffective assistance of counsel claims were procedurally barred because he could have, but did not, raise them in his prior postconviction motions (CPL 440.10[3][c]; see People v Holguin, 216 AD3d 436, 437-438 [1st Dept 2023], lv denied 40 NY3d 935 [2023]). In any event, the ineffective assistance claims, which involve matters not fully explained by the record, are unreviewable in the absence of an affirmation from trial counsel explaining counsel's strategic decisions (see People v Stewart, 295 AD2d 249 [1st Dept 2002], lv denied 99 NY2d 540 [2002], cert denied 538 US 1003 [2003]). To the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
Finally, the court properly declined to dismiss, as duplicitous, count 6 of the indictment alleging second-degree burglary. Even if that count was originally duplicitous, the court's instructions to the jury cured the error by clarifying that it pertained to defendant's burglary of the apartment on the 11th floor of the building, as opposed to the office on the 4th floor (see People v Retti, 224 AD2d 333, 333-334 [1st Dept 1996], lv denied 88 NY2d 940 [1996]). Although the court referred to the wrong floor in response to a jury note seeking clarification on the count, this error did not prejudice defendant, as the court also referred to "apartment" and the name of the victim, and the jury did not request further clarification, which indicated that it understood the response.
We have considered the remaining arguments raised in defendant's pro se supplemental brief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024