THIRD DEPARTMENT, JANUARY, 1988

(January 7, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN JACQUES, Appellant.—Casey, J. Appeal, by permission, from an order of the County Court of Albany County (Turner, Jr., J.), dated September 4, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, after a hearing.

Defendant seeks to vacate the judgment convicting him upon his plea of guilty of the crime of murder in the second degree. It is defendant's claim that he received ineffective assistance of counsel. He bases this claim upon the brief time interval between arraignment and the plea, defense counsel's failure to make any motions for discovery or suppression of evidence, and defense counsel's advice that defendant should accept the prosecution's offer and plead guilty to the top count of the indictment. Following a hearing at which defendant and his former defense counsel testified, County Court rejected defendant's claim. We affirm.

The record establishes that defense counsel, an experienced criminal trial attorney, was retained by defendant's father the day after defendant was indicted for the crimes of murder in the second degree and manslaughter in the second degree arising out of the brutal beating of Philip Derrico in the City of Cohoes, Albany County. Defense counsel obtained from the Cohoes Police Department copies of statements made by defendant, the codefendant and the codefendant's brother. Despite the absence of any informal discovery motion, the prosecutor provided defense counsel with all relevant material in

his file, including the autopsy report and photographs of defendant's bloody clothing recovered by the police. After speaking with defendant, counsel concluded that there was overwhelming proof of defendant's participation in the crimes charged and that there was little likelihood of success on a motion to suppress defendant's statement. A plea-bargaining conference resulted in an offer of the minimum term of 15 years to life if defendant pleaded guilty to the top count of the indictment—murder in the second degree. County Court indicated at that time that it would not consider accepting a plea to manslaughter.

Defense counsel concluded that since defendant was a predicate felon, still on probation based upon the prior conviction, he would receive substantially the same term of imprisonment as that offered in the plea bargain even if he went to trial and succeeded in obtaining a conviction of the lesser crime charged in the indictment. Defense counsel was also concerned that if the codefendant decided to plead guilty before defendant, the prosecution might withdraw its offer since defendant's testimony would no longer be needed. Accordingly, after discussing the matter with defendant and defendant's father, defense counsel recommended that defendant accept the offer. Seven days after the arraignment defendant freely and voluntarily entered his plea of guilty of the crime of murder in the second degree and he was subsequently sentenced to the agreed-upon term *(see, People v Jacques,* 111 AD2d 471). In the circumstances, defendant received the "meaningful representation" required by *People v Baldi* (54 NY2d 137). Defense counsel's failure to engage in pretrial procedures available to defendant does not, in itself, establish that defense counsel's representation was ineffective *(see, People v Elliott,* 124 AD2d 673, 674, *lv denied* 69 NY2d 879; *People v Rollova,* 124 AD2d 886, 888, *lv denied* 69 NY2d 716). The question is whether the record as a whole confirms that defendant was provided meaningful representation *(see, People v Cogswell,* 127 AD2d 871, 872; *People v Reddy,* 108 AD2d 945, 948). Since we have answered this question in the affirmative, there is no basis for disturbing County Court's denial of defendant's CPL 440.10 motion.

Order affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.