■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODRIGO SALGADO, Appellant.—Casey, J. P.

Defendant's conviction stems from stabbing his girlfriend in the throat with the intent to kill her. Defendant had requested her to stop seeing a new boyfriend and when she refused, defendant wrote a note confessing to her murder and to his suicide. He then slashed her throat and his own.

Charged with attempted murder in the second degree, defendant, after being fully informed by County Court of his right to a preliminary hearing and a Grand Jury presentation, freely and voluntarily signed in the presence of the court and his attorney a waiver of the right to have the case presented to a Grand Jury and consented to have the matter prosecuted by a superior court information. Defendant then entered a plea of guilty to the information and subsequently received a prison sentence of 6 to 18 years, as had been previously promised him as part of his plea bargain. At the plea allocution, defendant was afforded an interpreter since he stated that Spanish was his native language. He did, however, appear to understand the significance and effect of his plea, what rights he was waiving, what crime he was pleading to, and he did admit the elements of that crime, including his intent to kill, as explained to him in the English language.

Defendant's only claim on appeal is that he was deprived of effective assistance of counsel. In most cases "the ineffectiveness of counsel is not demonstrable on the main record", so that a defendant must resort to a proceeding under CPL 440.10 to develop an adequate record concerning the factual issues raised by an attack on the effectiveness of counsel *(People v Brown,* 45 NY2d 852, 853-854). Limiting our review to the record before us, we find no support for defendant's claim of ineffective assistance of counsel *(see, People v Cogswell,* 127 AD2d 871). In particular, we reject defendant's argument that the brief time interval preceding the plea and counsel's failure to make motions conclusively establish the ineffectiveness of counsel *(see, People v Jacques,* 136 AD2d 756).

Judgment affirmed. Casey, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.