■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL FERRER, Appellant.—

Upon examination of the transcript of the plea proceedings, we find no support for defendant's contention that his plea was not knowingly and voluntarily entered because he did not speak English. We note, for example, that when asked to specify what property he had stolen, defendant replied "a watch and a chain." The minutes further reflect that defendant, who was represented by counsel throughout the plea proceedings, responded affirmatively when asked whether he understood that he was waiving certain rights, including the right to a jury trial, to have his lawyer cross-examine witnesses, to call witnesses of his own, and to either take the stand or remain silent.

Also established by the record before us is that defendant, who was to be at liberty pending sentencing, understood that he would receive a term of from 1½ to 3 years' imprisonment unless he violated certain specified conditions, which included reporting to the Probation Department and refraining from committing any further crimes. Moreover, when returned on a warrant nine months later, and brought before Justice Altman for sentencing on the plea, defendant demonstrated a command of the English language not likely to have been acquired during his period of abscondence, first requesting that he be permitted to address the court directly, and then urging, among other things, that his was "a case of entrapment". *(See, People v Ramirez,* 137 AD2d 770.)

In light of this record, we find that defendant, who was no stranger to courtroom proceedings *(see, People v Frederick,* 45 NY2d 520, 525), entered a plea that was knowing, voluntary, intelligent, and otherwise consistent with the standards set forth in *People v Harris* (61 NY2d 9).

Defendant's claim of ineffective assistance of counsel is likewise without merit. Defense counsel had negotiated a favorable plea bargain for defendant, and was not, as defendant contends, requested to divulge any privileged communications when asked whether he would have allowed a non-English-speaking client to enter a guilty plea without the assistance of an interpreter. *(Cf., People v Rozzell,* 20 NY2d 712, *mot to compel compliance dismissed* 26 NY2d 697; *People v Driscoll,* 30 AD2d 793.) Indeed, counsel did not abandon his advocate's role in his response to the court, which was that although he would not do such a thing, "that doesn't mean it couldn't happen." In short, the record makes clear that defen-

dant was accorded meaningful representation at every stage of these proceedings. *(People v Baldi,* 54 NY2d 137, 146-147.)

Finally, there is a claim by defendant that the plea was defective because the originally promised term of 1½ to 3 years constituted an illegal sentence, the theory being that the minimum for a predicate felony offender convicted of grand larceny in the third degree was 2 to 4 years. In fact, when defendant committed his third degree grand larceny, that crime was a class E felony carrying a minimum sentence of 1½ to 3 years for predicate felons. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.