■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBIAS BOYLAND, Appellant. [608 NYS2d 908] —Judgment unanimously affirmed. Memorandum: Defendant's waiver of the right to appeal was knowingly, voluntarily and intelligently made (see, People v Moissett, 76 NY2d 909). Defendant has raised no claims that survive such a waiver (see, People v Callahan, 80 NY2d 273, 280). Were we to review the issue whether the sentence was harsh or excessive, we would conclude that it lacks merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Robbery, 1st Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTHA MEJIA, Also Known as MARINA GUZMAN, Appellant. [608 NYS2d 907] —Judgment unanimously affirmed. Memorandum: The record reveals that defendant was afforded a Spanish language interpreter during the plea proceeding and knowingly, voluntarily and intelligently waived her right to appeal (see, People v Callahan, 80 NY2d 273, 283; People v Seaberg, 74 NY2d 1, 11). Defendant raises no issues that survive the effective waiver. In any event, defendant's assertion that defendant's suppression motion was improperly denied is without merit. Defendant was arrested based upon information supplied by a confidential informant. The informant admitted to past criminal dealings with defendant and the officers were able to corroborate the informant's statements with their own observations of the vehicle in which defendant was traveling at the time of her arrest. The informant was therefore sufficiently reliable to give the police probable cause to arrest defendant near the scene of the "buy-bust" operation (see, People v Colon, 186 AD2d 443, 444, lv denied 81 NY2d 787). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.