■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO CACHO TORRES, Appellant. (Appeal No. 1.) [624 NYS2d 691] —Judgment unanimously affirmed. Memorandum: The contention of defendant that he was denied effective assistance of counsel is without merit *(see, People v Rivera,* 71 NY2d 705, 708-709; *People v Arnold,* 188 AD2d 1020, *lv denied* 81 NY2d 836; *People v Salgado,* 140 AD2d 855, *lv denied* 72 NY2d 924). Further, the record establishes that defendant fully understood the plea that was offered. Through an interpreter

County Court and defendant's counsel repeatedly explained the plea offer and the potential consequences if defendant proceeded to trial (see, People v Mejia, 199 AD2d 1068, lv denied 83 NY2d 874; People v Ferrer, 158 AD2d 315; People v Salgado, supra).

The court did not err in granting the People's motion to consolidate the two indictments, both charging criminal sale and possession of a controlled substance. The offenses charged in the two indictments were the "same or similar in law" (CPL 200.20 [2] [c]), and defendant failed to establish "good cause" to justify denial of consolidation (CPL 200.20 [3] [a], [b]; see, People v Lane, 56 NY2d 1).

Finally, we reject the contention of defendant that his sentence is unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.