# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**176**

**KA 11-00406**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

VICTOR GASTON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 19, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the 17-year preindictment delay violated his constitutional right to a speedy trial. We reject that contention. In examining the *Taranovich* factors (*People v Taranovich*, 37 NY2d 442, 445), we conclude that, although the 17-year preindictment delay was substantial, the nature of the charge was serious, and defendant remained at liberty until he was indicted. Moreover, the People met their burden of establishing a good-faith basis for the delay (*see People v Decker*, 13 NY3d 12, 14-16; *People v Chatt*, 77 AD3d 1285, 1285, *lv denied* 17 NY3d 793). In particular, they established that there was insufficient evidence to charge defendant shortly after the crimes occurred, and it was not until a witness gave new information to the police that identified defendant as the perpetrator and DNA testing was completed that the People brought the charges against defendant. While the delay may have caused some degree of prejudice to defendant, " 'a determination made in good faith to delay prosecution for sufficient reasons will not deprive defendant of due process even though there may be some prejudice to defendant' " (*Decker*, 13 NY3d at 14).

Defendant further contends that his right to be tried and convicted of only those crimes and upon only those theories charged in the indictment was violated (*see generally People v Grega*, 72 NY2d 489, 495-496). We reject that contention. The indictment here

charged defendant with causing the victim's death "by stabbing and beating her," and the evidence at trial established that the victim died as a result of the stab wounds. We conclude that the fact that the indictment included the "beating" allegation does not require reversal (*see generally People v Charles*, 61 NY2d 321, 327-328; *People v Rooney*, 57 NY2d 822, 823). Defendant failed to preserve for our review his further contentions that County Court failed to administer the requisite oath to the prospective jurors pursuant to CPL 270.15 (1) (a) (*see People v Schrock*, 73 AD3d 1429, 1432, *lv denied* 15 NY3d 855; *People v Dickens*, 48 AD3d 1034, 1034, *lv denied* 10 NY3d 958) and violated his right to trial by jury when certain exhibits were received in evidence in the jury's absence (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant's contention that the evidence is legally insufficient to support the conviction is preserved for our review only to the extent that he contends that the testimony of the main prosecution witness was incredible as a matter of law (*see People v Gray*, 86 NY2d 10, 19). We reject that contention (*see People v Moore* [appeal No. 2], 78 AD3d 1658, 1659-1660, *lv denied* 17 NY3d 798). It cannot be said that his testimony was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that he was denied a fair trial by the cumulative effect of alleged errors, but almost all of the alleged errors have not been preserved for our review (*see* CPL 470.05 [2]). In any event, we reject that contention (*see People v Gonzalez*, 52 AD3d 1228, 1229, *lv denied* 11 NY3d 788; *People v Wurthmann*, 26 AD3d 830, 831, *lv denied* 7 NY3d 765). We reject defendant's further contention that he received ineffective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Finally, the sentence is not unduly harsh or severe.

Entered:  March 15, 2013                          Frances E. Cafarell
                                                  Clerk of the Court