# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1183

KA 11-01149

PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MICHAEL J. JUDD, JR., DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered March 7, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating the fine and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Initially, we agree with defendant that his waiver of the right to appeal is invalid inasmuch as " 'the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Jones*, 107 AD3d 1589, 1589, *lv denied* 21 NY3d 1075; *see People v Amir W.*, 107 AD3d 1639, 1640).

By pleading guilty, defendant waived his contention that he was improperly arraigned on the special information based on the court's error in stating that he would be pleading guilty to attempted burglary in the third degree. A " 'guilty plea . . . results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings' " (*People v Leary*, 70 AD3d 1394, 1395, *lv denied* 14 NY3d 889, quoting *People v Fernandez*, 67 NY2d 686, 688; *see People v Releford*, 73 AD3d 1437, 1438, *lv denied* 15 NY3d 808), which include any defect in the arraignment procedure (*see People v Williams*, 25 Misc 3d 15, 18; *see generally People v Roberts*, 6 AD3d 942, 943, *lv denied* 3 NY3d 662).

Although the waiver of the right to appeal was invalid and thus does not bar defendant's challenge to the guilty plea, defendant

failed to preserve for our review his challenge to the factual sufficiency of the plea colloquy (*see People v Lopez*, 71 NY2d 662, 665; *People v Spears*, 106 AD3d 1534, 1535). Contrary to defendant's further contention, this case does not fall within the rare exception to the preservation requirement set forth in *Lopez* because nothing in the plea allocution calls into question the voluntariness of the plea or casts "significant doubt" upon his guilt (*id.* at 666; *see People v Lewandowski*, 82 AD3d 1602, 1602).

With respect to defendant's further contention that he was denied effective assistance of counsel, such a claim survives a plea of guilty only if "the plea bargaining process was infected by [the] allegedly ineffective assistance or [if] defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]; *see People v Lugg*, 108 AD3d 1074, 1075; *People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912). Here, defendant failed to establish that the plea was infected by or was the result of the allegedly ineffective acts of his attorney. In any event, the record establishes that defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).

Defendant further contends that the court erred at sentencing in denying his request to redact the presentence report by changing the initial charge listed in that report, and he asks this Court to remit the matter to County Court for further proceedings to amend the report and ensure its accuracy. "[A]bsent any indication that the court relied upon allegedly erroneous information in the presentence report in imposing the sentence" (*People v Jaramillo*, 97 AD3d 1146, 1148, *lv denied* 19 NY3d 1026), we perceive no reason to grant defendant's request for that relief. In addition, defendant failed to preserve for our review his contention that he was not properly adjudicated a second violent felony offender based on the failure of the People and the court to comply with CPL 400.15 (*see People v Hall*, 82 AD3d 1619, 1620, *lv denied* 16 NY3d 895; *see also People v Butler*, 96 AD3d 1367, 1368, *lv denied* 20 NY3d 931; *see generally People v Pellegrino*, 60 NY2d 636, 637). In any event, "[t]he statutory purposes for filing a predicate statement (CPL 400.21) have been satisfied, to wit: apprising the court of the prior conviction and providing defendant with reasonable notice and an opportunity to be heard. The People's failure to file a predicate statement was harmless, and remanding for filing and resentencing would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142).

We agree, however, with defendant's additional contention that the sentence is excessive insofar as it imposes a fine in addition to a term of incarceration and postrelease supervision. Consequently, we modify the judgment by vacating the fine. As modified, the sentence is not unduly harsh or severe.

Entered: November 15, 2013                          Frances E. Cafarell
                                                    Clerk of the Court