# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**999**

**KA 12-00941**

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                 MEMORANDUM AND ORDER

MARY SEGATOL-ISLAMI, DEFENDANT-APPELLANT.

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered July 29, 2011. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a nonjury verdict of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). Contrary to defendant's contention, the evidence is legally sufficient to establish that she was the operator of her motor vehicle. A witness testified that he saw defendant drive her vehicle into a liquor store parking lot and park the vehicle, running over a parking block in the process. We reject defendant's contention that the testimony of that witness was incredible as a matter of law (*see People v Meacham*, 84 AD3d 1713, 1715, *lv denied* 17 NY3d 808), i.e., " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Gaston*, 104 AD3d 1206, 1207, *lv denied* 22 NY3d 1156). Indeed, that witness's testimony was confirmed by the testimony of a police sergeant who observed the intoxicated defendant leaving the liquor store and approach her vehicle. Although the police sergeant testified that he never observed defendant operate her vehicle, he further testified that the parking block in front of her vehicle was displaced diagonally by 1 ½ to 2 feet, that there was no one else with her as she attempted to enter the driver's seat of her vehicle, and that she had a key to her vehicle in her purse.

While we agree with defendant that County Court erred in concluding that she could not waive her presence for the testimony of a potential witness (*see generally People v Parker*, 57 NY2d 136, 139-140; *People v Epps*, 37 NY2d 343, 349-351, *cert denied* 423 US 999;

*People v Porter*, 201 AD2d 881, 881-882, *lv denied* 83 NY2d 857), we conclude that the error had no impact on her decision to rest her case without calling that witness to testify. Defendant contends that the error prejudiced her because she chose to rest her case so that she could start an inpatient treatment program on the next day scheduled for trial. The court, however, informed defendant that it would not release her from jail until the trial was completed, and the proposed witness could not testify until the next trial date. We therefore conclude that defendant could not have entered the treatment program even if she was absent during her proposed witness's testimony.

Finally, we have reviewed defendant's challenge to the sentence of probation to be served after the indeterminate term of incarceration and conclude that it is without merit (*see generally* Vehicle and Traffic Law § 1193 [1] [c] [iii]; Penal Law § 60.21).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court