=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 63
The People &c.,
          Respondent,
        v.
Clifford Graham,
          Appellant.

          Piotr Banasiak, for appellant.
          James P. Maxwell, for respondent.

MEMORANDUM:

          The order of the Appellate Division should be affirmed.

          After defendant attempted to use counterfeit $20 bills

to pay for a hotel room and buy groceries at a convenience store,

he was arrested and taken to the criminal investigation division

of the Syracuse Police Department.  A detective read defendant

- 1 -

his <u>Miranda</u> rights, which he waived.  Defendant did not, at that time, provide consistent answers to the detectives' questions regarding who had given him the counterfeit money.  The detectives, therefore, ended the interrogation and told defendant that, if he wanted to give them any further information that would be useful to their investigation, he would have to arrange to speak to them through defense counsel.

Approximately three weeks later, defense counsel contacted the detectives and indicated that defendant wished to share additional information about the source of the counterfeit money.  Defendant spoke at length with counsel in private before meeting with one of the detectives, and counsel was present for a portion of the ensuing conversation until leaving, with defendant's consent, to attend to a prior commitment.  It is undisputed that defendant was not advised of his <u>Miranda</u> rights at this second interview.  During that interview, he made statements that were allegedly inculpatory.

Defendant subsequently moved, in a pro se omnibus motion, for suppression of the statements that he made to the detectives.  He asserted that his statements were the product of "custodial interrogation," and were made in violation of his Fifth and Fourteenth Amendment rights under the federal constitution, as well as his rights under the state constitution and CPL 60.45.  Supreme Court directed a "pre-trial hearing . . . on defendant's motion to suppress [his] statement(s) based upon

<u>Miranda v Arizona</u>, 384 US 436 [1966] and traditional involuntariness grounds."

During the suppression hearing, defendant asked the court how long his initial waiver of his <u>Miranda</u> rights remained valid, and the People conceded that the waiver was good only for the day on which he was first arrested. Defendant then conducted a cross-examination of the detective with whom he spoke during the second interview. Supreme Court attempted to direct defendant's focus by stating, "[s]ee, you're not going into the circumstances surrounding your <u>Miranda</u> rights," and pointing out that defendant's questions had no bearing on "whether the interrogation session was legal."

Supreme Court's efforts to focus defendant on a possible violation of his <u>Miranda</u> rights were to no avail and, at the close of the suppression hearing, defendant made an argument that the police lacked probable cause to arrest him. Rejecting that argument "because the orders directing the hearings did not involve any type of probable cause issue," the court denied suppression of the statements made by defendant during the second interview. As relevant here, the court reasoned that:

> "[D]efendant was in custody on the matter,
> represented by counsel on the matter and
> therefore he could not waive counsel on the
> matter unless counsel was present, which did
> occur. Once a counsel waiver occurred in
> counsel's presence and the client agreed to
> submit to the interview on the topic at hand,
> to wit: counterfeit bills, counsel's
> presence thereafter is not required."

The matter proceeded to trial, at the close of which a jury found defendant guilty of two counts each of criminal possession of a forged instrument in the first degree and petit larceny.  Upon defendant's appeal, the Appellate Division affirmed (107 AD3d 1421 [2013]).  Regarding defendant's motion to suppress statements made during the second interview, the court concluded that "[i]nasmuch as defendant's counsel was present during the first 20 minutes of the interview and informed the detectives that defendant was willing to cooperate, it was permissible for the officers to infer from defendant's conduct and his attorney's assurances that defendant's waiver of his Miranda rights was made on the advice of counsel" (id. at 1422-1423).  A Judge of this Court granted defendant leave to appeal (23 NY3d 963 [2014]).

Because we conclude that defendant failed to preserve the issue that he raises on this appeal, we affirm.  "Under article VI, § 3 of the New York State Constitution, the Court of Appeals, with limited exceptions, is empowered to consider only 'questions of law'" (People v Gray, 86 NY2d 10, 19 [1995]; see People v Hawkins, 11 NY3d 484, 491 [2008]).  As relevant here, CPL 470.05 (2) provides that a question of law regarding a ruling is presented in a criminal proceeding "when a protest thereto was registered, by the party claiming error, at [a] time . . . when the court had an opportunity of effectively changing the same . . . or if in response to a protest by a party, the court

expressly decided the question raised on appeal."

The issue argued on this appeal is whether the police were required to again read defendant his Miranda rights when they interviewed him a second time, at his request and in the presence of counsel.  In particular, defendant contends that the courts below erred in determining that the presence of counsel obviated the need for police to advise him of his right to remain silent during the second interview.  Defendant, however, did not make this argument in his motion papers to the trial court or at the suppression hearing.

Moreover, while a general objection -- such as that contained in defendant's omnibus motion -- is sufficient to preserve an issue for our review when the trial court "expressly decided the question raised on appeal" (CPL 470.05 [2]; see People v Smith, 22 NY3d 462, 465 [2013]; People v Prado, 4 NY3d 725, 726 [2004]), here, Supreme Court did not expressly decide the issue of whether the police were required to advise defendant of his right to remain silent under the circumstances presented by the second interview.  Rather, the court's decision was focused on the right to counsel and whether counsel was required to be present for the entirety of that interview.  The court decided that counsel's continued presence was not required once defendant waived his right to counsel in counsel's presence and agreed to speak to police regarding the counterfeit bills. Inasmuch as defendant made only a general motion for suppression

and it cannot be said that the court expressly decided the issue that defendant raises on this appeal, preservation has not been established and that issue is, therefore, beyond our power to review (see People v Turriago, 90 NY2d 77, 83-84 [1997]; People v Johnson, 83 NY2d 831, 834 [1994]).

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam and Stein concur.  Judge Fahey took no part.

Decided May 5, 2015