# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**897**

**KA 14-01557**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RONALD FOOSE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MEGHAN E. LEYDECKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered July 8, 2014. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). Defendant contends that the evidence is legally insufficient to establish that he was the operator of the vehicle because the witness was unable to identify him in court, and her testimony was incredible or unreliable as a matter of law. We reject that contention (*see People v Segatol-Islami*, 121 AD3d 1575, 1576, *lv denied* 24 NY3d 1221). The witness testified that she was outside at night when she heard a crash and observed that a vehicle had collided with a parked vehicle. The witness called 911, and watched the driver exit the vehicle, wander around the street, and get into arguments with other people. When the police arrived, she pointed out the driver, and a police officer testified that she arrested defendant. The witness's inability to identify defendant in court does not render her testimony regarding her observations and identification of the driver after the accident " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Gaston*, 104 AD3d 1206, 1207, *lv denied* 22 NY3d 1156). The witness testified that, although she did not see the driver very well because of the dimly-lit street, she did not think that there was any chance that she pointed out the wrong person to the police inasmuch as she lost track of the person for only a second or two, and the person was wearing the same shirt as the one who exited the vehicle. In addition, the officer testified that

defendant was standing near the vehicle when she arrived at the scene. The officer further testified that defendant, who was yelling and exhibited signs of intoxication, stated that he had not "been driving that long."

Defendant next contends that he was deprived of effective assistance of counsel based on defense counsel's failure to move for a mistrial after certain conduct by a prospective juror during voir dire (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant further contends that Supreme Court should have granted a mistrial sua sponte. We reject those contentions. When the prospective jurors were asked whether they could not be fair and impartial on the case, one prospective juror indicated that her father had been killed in an alcohol-related accident, and the court excused the prospective juror upon seeing that she was "upset." Defendant's contention that the remaining jury panel was tainted by the prospective juror's response "is purely speculative" (*People v Clark*, 262 AD2d 233, 234, *lv denied* 93 NY2d 1016). Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  October 2, 2015                     Frances E. Cafarell
                                              Clerk of the Court