# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

486
KA 13-00290
PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HECTOR FUENTES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Thomas J. Miller, J.), dated January 15, 2013. The order denied the motion of defendant pursuant to CPL 440.20.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed upon his conviction of, inter alia, three counts of murder in the second degree (Penal Law § 125.25 [1], [3]). On defendant's direct appeal, we agreed with defendant that County Court (Walsh, J.) erred in imposing consecutive sentences, and we modified the judgment by directing that certain of the sentences imposed shall run concurrently with other sentences (*People v Fuentes*, 52 AD3d 1297, 1301, *lv denied* 11 NY3d 736). Defendant contends that County Court (Miller, J.) erred in denying his instant motion seeking to set aside the sentence because the sentencing court did not substantially comply with CPL 400.21 in determining that he was a second felony offender. Contrary to the People's contention, this issue is not barred because it was not "previously determined on the merits" on defendant's direct appeal (CPL 440.20 [2]). We nevertheless reject defendant's contention.

The record establishes that the People failed to file a statement before sentencing indicating that defendant had a predicate felony offense (*see* CPL 400.21 [2]), and that the court failed to make a finding that defendant "has been subjected to a predicate felony conviction" (CPL 400.21 [4]). The sentencing record establishes, however, that defense counsel acknowledged that defendant had a prior felony conviction of burglary in the third degree and that he pleaded

guilty to receive the benefit of the sentence (*see* CPL 400.21 [3]). We therefore conclude that the error is harmless and that remitting the matter for the filing of a predicate felony statement and the court's finding "would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142; *see People v Judd*, 111 AD3d 1421, 1423, *lv denied* 23 NY3d 1039; *cf. People v Loper*, 118 AD3d 1394, 1395-1396, *lv denied* 25 NY3d 1204).

Defendant's further contention that the court failed to comply with CPL 390.20 (1) by relying on an insufficient presentence report (PSR) is also without merit. It is undisputed that defendant declined to discuss his conviction with the probation officer, who then terminated the interview. The court, however, had the benefit of a PSR that had been prepared two years earlier and was attached to the PSR prepared in this matter. The earlier PSR provided the requisite history and background information for the court's consideration (*see generally People v Hemingway*, 222 AD2d 1102, 1103, *lv denied* 87 NY2d 1020).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court