# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

913

KA 13-01708

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

          V                                  MEMORANDUM AND ORDER

JESSE MORMAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E.
Fahey, J.), rendered June 27, 2013. The judgment convicted defendant,
upon a jury verdict, of criminal sale of a controlled substance in the
third degree (two counts) and criminal possession of a controlled
substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified as a matter of discretion in the interest of
justice by directing that the sentences shall run concurrently and as
modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment
convicting him following a jury trial of two counts each of criminal
sale of a controlled substance (CSCS) in the third degree (Penal Law
§ 220.39 [1]) and criminal possession of a controlled substance (CPCS)
in the third degree (§ 220.16 [1]) arising from defendant's sale of
crack cocaine to an undercover police officer on two dates in January
2012. In appeal No. 2, defendant appeals from a judgment convicting
him following the same jury trial of, inter alia, two counts each of
CPCS in the third degree (§ 220.16 [1]) and criminally using drug
paraphernalia in the second degree (§ 220.50 [2], [3]) arising from
the discovery of cocaine, packaging materials, and a digital scale in
defendant's vehicle following a traffic stop in April 2012.

Defendant contends in appeal No. 1 that County Court erred in
refusing to suppress the undercover officer's identification testimony
on the ground that the procedure was unduly suggestive because the
single photograph that the undercover officer viewed before the
controlled purchases tainted his post-purchase identifications of
defendant as the seller. Defendant's contention is not preserved for
our review inasmuch as he failed to raise that specific contention

either as part of his omnibus motion seeking suppression of the identification testimony or at the *Wade* hearing (*see People v Beaty*, 89 AD3d 1414, 1416, *affd* 22 NY3d 918), nor did the court expressly decide the question raised on appeal (*see* CPL 470.05 [2]; *People v Graham*, 25 NY3d 994, 997). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention in appeal No. 2 that the court erred in refusing to suppress the physical evidence recovered during an inventory search of his vehicle following the traffic stop initiated by a state trooper. "Following a lawful arrest of the driver of an automobile that must then be impounded, the police may conduct an inventory search of the vehicle" pursuant to established police regulations (*People v Johnson*, 1 NY3d 252, 255). Contrary to defendant's contention, we conclude that the initial determination of the police to impound the vehicle was proper inasmuch as defendant, who was the sole occupant of the vehicle, was placed under arrest after the Trooper discovered that he had an outstanding warrant, and thus was unable to drive the vehicle (*see People v Wilburn*, 50 AD3d 1617, 1618, *lv denied* 11 NY3d 742; *People v Figueroa*, 6 AD3d 720, 722, *lv dismissed* 3 NY3d 640). Contrary to defendant's further contention, "the police were not required to explore alternatives to impoundment" (*Wilburn*, 50 AD3d at 1618; *see People v Walker*, 20 NY3d 122, 125; *People v Schwing*, 13 AD3d 725, 725-726). The record does not support defendant's contention that the inventory search was a mere pretext to uncover incriminating evidence; rather, the testimony established that the Trooper's "intention for the search was to inventory the items in the vehicle" (*People v Padilla*, 21 NY3d 268, 273, *cert denied* ___ US ___, 134 S Ct 325). We further conclude that, consistent with the state police regulations admitted in evidence at the hearing that defined the permissible scope of an inventory search, the Trooper acted reasonably in searching the open garbage bags he observed in the rear seat of the vehicle (*see id.* at 273; *see generally Walker*, 20 NY3d at 126; *People v Galak*, 80 NY2d 715, 719). Moreover, contrary to defendant's contention, the Trooper properly prepared a meaningful inventory list (*cf. Johnson*, 1 NY3d at 256; *Galak*, 80 NY2d at 720; *see generally Walker*, 20 NY3d at 126), and "[t]he inventory search was not rendered invalid because the [Trooper] failed to secure and catalogue every item found in the vehicle" (*People v Owens*, 39 AD3d 1260, 1261, *lv denied* 9 NY3d 849).

We reject defendant's contention in both appeals that the court abused its discretion in granting the People's motion to consolidate the indictments for trial and denying defendant's subsequent request for reconsideration (*see* CPL 200.20 [4]; *see generally People v Lane*, 56 NY2d 1, 8). The offenses arising from the two sales of crack cocaine in January 2012 were joinable with the offenses arising from the traffic stop in April 2012 pursuant to CPL 200.20 (2) (b) because, under the applicable *Molineux* analysis (*see People v Coble*, 168 AD2d 981, 982, *lv denied* 78 NY2d 954), the "[t]estimony concerning defendant's prior drug sales was admissible with respect to the issue of defendant's intent to sell" the cocaine discovered as a result of

the traffic stop (*People v Whitfield*, 115 AD3d 1181, 1182, *lv denied* 23 NY3d 1044; *see People v Alvino*, 71 NY2d 233, 245; *People v Laws*, 27 AD3d 1116, 1116-1117, *lv denied* 7 NY3d 758).  In addition, the offenses in the indictments were joinable under CPL 200.20 (2) (c) on the ground that they are "the same or similar in law" (*see People v Torres*, 212 AD2d 968, 969, *lv denied* 86 NY2d 742).  Contrary to defendant's contention that he demonstrated prejudice sufficient to defeat the motion for consolidation, we conclude that he failed to make the requisite convincing showing that he had important testimony to give with respect to the drug sale charges and a strong need to refrain from testifying with respect to the offenses arising from the traffic stop (*see Lane*, 56 NY2d at 9-10; *People v Miller*, 43 AD3d 1381, 1382, *lv denied* 9 NY3d 1036).  Defendant's remaining contentions regarding consolidation of the indictments are unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention in both appeals that he was denied his right to an impartial jury on the ground that a panel of prospective jurors was tainted by the comments of two prospective jurors indicating that defendant was already guilty (*see People v Miller*, 239 AD2d 787, 790, *affd* 91 NY2d 372; *People v Clark*, 262 AD2d 233, 233-234, *lv denied* 93 NY2d 1016).  The record establishes that the comments were overheard and reported by only one other prospective juror, the two prospective jurors were promptly excused by the court, and defense counsel thoroughly explored during further voir dire any potential influence or bias arising from the comments.  We thus conclude that defendant's contention that the remaining jury panel was tainted by the comments is " 'purely speculative' " (*People v Foose*, 132 AD3d 1236, 1238, *lv denied* 26 NY3d 1145, *reconsideration denied* 27 NY3d 1132).

Defendant contends in appeal No. 1 that the court abused its discretion in denying his motion for a mistrial after the People introduced identification testimony of an officer who had been conducting surveillance during one of the sales that had not been included in the pretrial CPL 710.30 notice.  We reject that contention.  Here, upon defense counsel's objection, the court struck the officer's testimony and instructed the jury to disregard it.  We conclude that the court's curative instructions were sufficient to alleviate any prejudice to defendant resulting from that testimony, and thus the court properly exercised its discretion in denying his motion (*see People v Robinson*, 309 AD2d 1228, 1229, *lv denied* 1 NY3d 579).

Defendant failed to preserve for our review his contention in appeal No. 2 that the People elicited inadmissible hearsay testimony from a narcotics investigator (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's contention, any error by defense counsel in failing to object to the admission of the purported hearsay testimony was not so egregious as to deprive defendant of a fair trial (*see People v*

*Galens*, 111 AD3d 1322, 1323, *lv denied* 22 NY3d 1088; *see generally People v Caban*, 5 NY3d 143, 152).  We agree with defendant that the court erred in admitting the opinion testimony of the narcotics investigator that defendant was selling cocaine inasmuch as that testimony tended to usurp the jury's fact-finding function on the ultimate issue of possession with intent to sell (*see People v Hartzog*, 15 AD3d 866, 866-867, *lv denied* 4 NY3d 831).  We conclude, however, that the error is harmless (*see id.* at 867).

To the extent that defendant preserved for our review his additional contention in both appeals that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]), we conclude that it lacks merit.  Here, "[t]he alleged misconduct was 'not so egregious as to deprive defendant of a fair trial' " (*People v Astacio*, 105 AD3d 1394, 1396, *lv denied* 22 NY3d 1154).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention in appeal No. 1 that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  According great deference to the jury's opportunity to "view the witnesses, hear the testimony and observe demeanor" (*id.*), we conclude that the jury was entitled to credit the testimony of the undercover officer who identified defendant as the seller in both controlled purchases (*see People v Grubbs*, 48 AD3d 1186, 1187, *lv denied* 10 NY3d 811).

Defendant did not preserve for our review his contention in both appeals that the People failed to comply with the procedural requirements of CPL 400.21 when he was sentenced as a second felony offender (*see People v Judd*, 111 AD3d 1421, 1423, *lv denied* 23 NY3d 1039; *see generally People v Pellegrino*, 60 NY2d 636, 637).  In any event, we conclude that the record demonstrates that any error is harmless, and remitting the matter for the filing of an accurate predicate felony statement and the court's finding "would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142; *see People v Fuentes*, 140 AD3d 1656, 1657).

Contrary to defendant's further contention, we conclude that the sentence imposed does not constitute cruel and unusual punishment (*see People v Jeffrey*, 239 AD2d 953, 953, *lv denied* 90 NY2d 894; *see generally People v Jones*, 39 NY2d 694, 697; *People v Broadie*, 37 NY2d 100, 110-119, *cert denied* 423 US 950).  Under the circumstances of this case, however, we agree with defendant that the consecutive and concurrent sentences aggregating to a term of imprisonment of 30 years is unduly harsh and severe.  Therefore, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment in appeal No. 1 by directing that the determinate sentences of 10 years of imprisonment for each count of CSCS in the third degree and CPCS in the third degree run concurrently, and we modify the judgment in appeal No. 2 by reducing the sentence on each count of CPCS in the third degree to a determinate term of five years of imprisonment, to run concurrently with each other and consecutively to

the counts underlying the judgment of conviction in appeal No. 1.