SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

541

KA 14-00722

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH J. GAMBALE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, A.J.), rendered September 6, 2013. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Defendant contends that County Court should have suppressed a parole officer's identification of him as the person committing the robbery depicted in a surveillance video on the basis that the police-staged procedure was unduly suggestive. The evidence at the suppression hearing established that, as part of his investigation into an armed robbery of a hotel that was captured on surveillance video, a police investigator called a parole officer and inquired about her role as a parole officer for defendant and her familiarity with him. Upon confirming that the parole officer was familiar with defendant, the investigator proceeded to ask her to report to the police department in order to view the video and to determine if she recognized anyone depicted therein. The parole officer identified defendant as the person committing the robbery. The court denied defendant's motion to suppress, ruling that the procedure was not unduly suggestive. That ruling was error.

Preliminarily, neither defendant's general objection to undue suggestiveness in that part of his omnibus motion seeking suppression of the identification nor his arguments to the hearing court were sufficient to preserve for our review his contention that the identification procedure was unduly suggestive as a result of the investigator's conversation with the parole officer. Defendant "failed to raise that specific contention either as part of his omnibus motion . . . or at the *Wade* hearing" (*People v Morman*, 145

AD3d 1435, 1435-1436).  We note, however, that the court made factual findings regarding the investigator's pre-identification conversation with the parole officer, and drew a legal conclusion that, based upon the totality of the circumstances, the procedure was not inherently suggestive because there was no influence or suggestion by the investigator and the procedure was not otherwise tainted.  We therefore conclude that the court "expressly decided the question raised on appeal," thereby preserving defendant's specific contention for our review (CPL 470.05 [2]; *see People v Prado*, 4 NY3d 725, 726, *rearg denied* 4 NY3d 795; *People v Davis*, 69 AD3d 647, 648-649; *cf. People v Graham*, 25 NY3d 994, 997; *Morman*, 145 AD3d at 1435-1436).

With respect to the merits, it is well settled that "a pretrial identification procedure that is unduly suggestive violates a defendant's due process rights and is not admissible" (*People v Marshall*, 26 NY3d 495, 503 [internal quotation marks omitted]; *see People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833).  " '[T]here is nothing inherently suggestive' in showing a witness a surveillance video depicting the defendant and other individuals, provided that the 'defendant was not singled-out, portrayed unfavorably, or in any other manner prejudiced by police conduct or comment or by the setting in which [the defendant] was taped' " (*People v Davis*, 115 AD3d 1167, 1169, *lv denied* 23 NY3d 1019, quoting *People v Edmonson*, 75 NY2d 672, 676-677, *rearg denied* 76 NY2d 846, *cert denied* 498 US 1001).  As the Court of Appeals has explained, however, when the police employ an identification procedure whereby a noneyewitness is confronted with a recording for the purpose of determining whether the noneyewitness is able to identify the perpetrator as a person with whom he or she is familiar, "[t]he only apparent risk with such a witness [is] that the police might suggest that the voice [or person depicted] on the recording [is] that of a particular acquaintance" (*People v Collins*, 60 NY2d 214, 220).

Here, we agree with defendant that, contrary to the court's determination that "[t]here was no influence or suggestion" by the investigator, the evidence establishes that the investigator suggested to the parole officer prior to her identification that the person depicted committing the robbery on the surveillance video was defendant (*cf. Collins*, 60 NY2d at 220, *affg* 84 AD2d 35, 39-40).  Instead of requesting the parole officer's assistance in identifying someone from the video without preemptively disclosing the subject of his investigation, the investigator engaged in a conversation "about her being a parole officer for [defendant]."  During the conversation, the investigator "asked [the parole officer] if she was familiar with [defendant]."  The parole officer responded that she had "lots of contact" with defendant, so the investigator proceeded to ask her to "come down and view a video."  The investigator subsequently met with the parole officer at the police department and asked her to view the video to determine if she recognized anyone, and the parole officer identified defendant as the person committing the robbery.  We conclude that the investigator, by contacting the parole officer and inquiring about her familiarity with defendant prior to the parole officer's viewing of the video, engaged in the type of undue suggestiveness identified in *Collins* inasmuch as his comments

improperly suggested to the parole officer that the person she was about to view was a particular acquaintance of hers, i.e., defendant (*see id.* at 220).

Contrary to the People's contention, we conclude that the investigator "singled out" defendant inasmuch as he asked the parole officer about her familiarity with defendant only and, upon receiving an affirmative response, then asked her to view the video. The People's contention that the investigator's comments were not unduly suggestive because there were other people depicted in the video whom the parole officer could have identified, e.g., guests leaving and entering the hotel, and hotel clerks and managers, is without merit inasmuch as there is only one perpetrator depicted committing an armed robbery (*cf. Davis*, 115 AD3d at 1167, 1169). We reject the People's further contention that the error may be deemed harmless. Even assuming, arguendo, that the evidence was overwhelming, it cannot be said that there is no reasonable possibility that the parole officer's identification of defendant as the perpetrator of the robbery in the video—the only such identification of defendant at trial given the inability of the hotel staff to identify him—might have contributed to the jury's verdict convicting defendant (*see generally People v Crimmins*, 36 NY2d 230, 237).

The People nonetheless contend, consistent with the alternative ground that they asserted in opposition to the motion, that the court properly refused to suppress the parole officer's identification inasmuch as it was merely confirmatory. In its suppression ruling, however, the court focused exclusively on whether the procedure was unduly suggestive, and failed to rule on the "separate and analytically distinct" issue whether the identification was confirmatory (*People v Garrett*, 23 NY3d 878, 885 n 2, *rearg denied* 25 NY3d 1215; *see generally People v Bolden*, 197 AD2d 528, 529, *lv denied* 82 NY2d 922), i.e., whether, "as a matter of law, the [parole officer was] so familiar with . . . defendant that there [was] 'little or no risk' that police suggestion could lead to a misidentification" (*People v Rodriguez*, 79 NY2d 445, 450). "CPL 470.15 (1) precludes [this Court] from reviewing an issue that was either decided in an appellant's favor or was not decided by the trial court" (*People v Ingram*, 18 NY3d 948, 949; *see People v LaFontaine*, 92 NY2d 470, 473-474, *rearg denied* 93 NY2d 849; *People v Rainey*, 110 AD3d 1464, 1466). We therefore hold the case, reserve decision, and remit the matter to County Court to rule upon that issue based on the evidence presented at the suppression hearing.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court