People v Curry (2021 NY Slip Op 01890)





People v Curry


2021 NY Slip Op 01890


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


76 KA 18-01548

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QWUNTA CURRY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EDWARD P. DUNN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered May 9, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that County Court erred in refusing to suppress contraband found on his person during the booking process following his arrest stemming from the discovery of cocaine and drug trafficking paraphernalia in his vehicle because the police unlawfully subjected him to a strip search and visual body cavity inspection without reasonable suspicion. Preliminarily, defendant " 'failed to raise that specific contention either as part of his omnibus motion . . . or at the [suppression] hearing' " (People v Gambale, 150 AD3d 1667, 1668 [4th Dept 2017]). The court, however, made specific findings regarding the police officers' observations of defendant's suspicious behavior during the vehicle stop, their discovery of cocaine and paraphernalia in the vehicle, their knowledge of defendant's arrest on drug charges, and their performance of the bodily search during the booking process, and drew a legal conclusion that, viewing those facts in totality, the bodily search of defendant was a reasonable intrusion and the contraband recovered therefrom was lawfully obtained (see Gambale, 150 AD3d at 1668). We therefore conclude that the court "expressly decided the question raised on appeal," thereby preserving defendant's specific contention for our review (CPL 470.05 [2]; see People v Prado, 4 NY3d 725, 726 [2004], rearg denied 4 NY3d 795 [2005]; Gambale, 150 AD3d at 1668; cf. People v Graham, 25 NY3d 994, 997 [2015]).
We nevertheless reject defendant's contention on the merits. "[A] post-arrest strip search must be based upon reasonable suspicion that an arrestee is hiding contraband beneath his or her clothing, and . . . a search involving visual examination of an arrestee's anal and genital cavities—a distinctly elevated level of intrusion, which must be separately justified—may not be performed except upon a 'specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity' " (People v Mothersell, 14 NY3d 358, 366 [2010], quoting People v Hall, 10 NY3d 303, 311 [2008], cert denied 555 US 938 [2008]). Here, the testimony of the officers at the suppression hearing, which the court credited, established that the officers observed that a vehicle driven and occupied solely by defendant had illegally tinted side windows and, instead of immediately pulling over when the officers activated their emergency lights, defendant continued driving for several hundred feet despite the presence of numerous safe locations to stop. During that period, the vehicle veered slightly and the arresting officer observed through the back window that defendant was making a furtive, lunging [*2]movement to the right toward the passenger seat. The arresting officer's concerns with defendant's evasive delay in pulling over and furtive movement within the vehicle included his belief, based on his experience, that defendant was trying to conceal something such as contraband. After defendant stopped and was removed from the vehicle, the arresting officer observed and then confirmed with a field test that there was cocaine on the driver's seat and floorboard. Despite the fact that a subsequent inventory search of the vehicle revealed the presence of a digital scale with cocaine residue on it and multiple cell phones, the arresting officer had not found anything on defendant's person upon pat frisking him. Based on the encounter, the arresting officer conveyed to the booking officer at the justice center that he suspected that defendant had some type of contraband on his person. Contrary to defendant's assertion, the testimony of the booking officer established that he did not initiate a strip search based on a blanket policy; rather, he properly considered both the nature of the crime for which defendant was arrested and the information conveyed by the arresting officer regarding his suspicion that defendant was concealing contraband (see Hall, 10 NY3d at 309, 312; People v Banks, 38 AD3d 938, 940 [3d Dept 2007], lv denied 9 NY3d 840 [2007]). Based on that evidence, including defendant's evasive delay in pulling over, his furtive movement in the vehicle before doing so, the discovery of items associated with drug trafficking such as loose cocaine, the scale with cocaine residue on it and multiple cell phones, the lack of any contraband found on defendant's person following the pat frisk, and the inference drawn by the arresting officer based on his experience that defendant was concealing contraband on his person, we conclude that "the strip search and visual cavity inspection of defendant's body were constitutionally valid because the particular facts, viewed objectively and in their totality, provided the police with reasonable suspicion that defendant had drugs secreted underneath his clothing and possibly in his body" (Hall, 10 NY3d at 312; see People v Hightower, 186 AD3d 926, 929-930 [3d Dept 2020], lv denied 35 NY3d 1113 [2020]; People v Lowman, 49 AD3d 1262, 1263 [4th Dept 2008], lv denied 10 NY3d 936 [2008]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, inasmuch as the certificate of conviction and uniform sentence and commitment form incorrectly reflect that defendant was sentenced as a second felony offender, they must be amended to reflect that he was actually sentenced as a second felony drug offender previously convicted of a violent felony offense (see People v Martinez, 166 AD3d 1558, 1560 [4th Dept 2018]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court